**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

OTIS WADE PUGH, SR.,                          :
                                              :
      Petitioner,                       :
                                              :
v.                                            :     Case No. 4:23-cv-201-CDL-AGH
                                              :
Warden CHARLES MIMS,                          :
                                              :
      Respondent.                      :

---

**REPORT AND RECOMMENDATION**

Petitioner Otis Wade Pugh, Sr., an inmate currently confined at Wilcox State Prison in Abbeville, Georgia, filed a *pro se* application for habeas corpus seeking relief under 28 U.S.C. § 2254 (ECF No. 1). Pending before the Court is Respondent Warden Charles Mims' motion to dismiss Petitioner's habeas application as untimely (ECF No. 14). For the reasons stated below, the Court recommends that Respondent's motion be granted, and Petitioner's habeas application be dismissed.

**BACKGROUND**

On August 16, 2011, a grand jury returned an indictment in the Superior Court of Muscogee County, Georgia, charging Petitioner with four counts of rape, five counts of child molestation, and one count of aggravated sexual battery. Resp't's Ex. 1 at 3-6, ECF No. 13-1. A jury found Petitioner guilty of rape, aggravated sexual battery, and two counts of child molestation. Resp't's Ex. 2, ECF No. 13-2. On November 7, 2011, the court sentenced Petitioner to life in prison. *Id.* Petitioner appealed, but

the Court of Appeals of Georgia affirmed his conviction and sentence.  Resp't's Ex. 4 at 15, ECF No. 13-4.

Petitioner then filed a writ of habeas corpus in the Superior Court of Wilcox County, Georgia, on November 13, 2018.  Resp't's Ex. 5 at 1, ECF No. 13-5.  The state habeas court denied the petition on October 18, 2021.  Resp't's Ex. 6 at 13, ECF No. 13-6.  Petitioner then filed a petition for a certificate of probable cause with the Supreme Court of Georgia, which was denied on September 20, 2022.  Resp't's Ex. 7, ECF No. 13-7.  The Supreme Court of Georgia issued its remittitur on October 17, 2022.  Resp't's Ex. 8, ECF No. 13-8.

Petitioner filed his federal application for a writ of habeas corpus on December 12, 2023.  Pet. for Writ of Habeas Corpus, ECF No. 1.  Petitioner challenges his conviction on four grounds.  First, he alleges that the indictment "did not specify the elements of the charges and therefore did not put the petitioner on notice of what char[g]e he will have to defend against[.]"  *Id.* at 5.  Second, he contends that the state failed to specify the age of the victim in count two of the indictment.  *Id.* at 7.  Third, he claims that the state failed to perfect the indictment by adding the aggravated child molestation charge "instead of the proper charge[ ] . . . to increase punishment that the petitioner receive[d]."  *Id.* at 8.  Fourth, Petitioner avers that an unnamed detective witnessed and allowed an assault upon Petitioner.  *Id.* at 10.  Respondent answered and moved to dismiss Petitioner's habeas application as untimely.  Resp't's Resp., ECF No. 11; Resp't's Mot. to Dismiss, ECF No. 14.  Respondent's motion is ripe for review.

## DISCUSSION

Respondent moves to dismiss Petitioner's habeas petition as untimely filed. Resp't's Br. in Supp. of Mot. to Dismiss 2-7, ECF No. 14-1. Petitioner responds that the limitations period should be tolled because he acted with reasonable diligence in pursuing his case. Pet'r's Resp to Mot. to Dismiss 4-6, ECF No. 16. The Court agrees that Petitioner's petition is untimely and recommends its dismissal.

## I.    The Applicable Limitations Period

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") primarily to "eliminate delays in the federal habeas review process." *Holland v. Florida*, 560 U.S. 631, 648 (2010); *see also Hohn v. United States*, 524 U.S. 236, 264-65 (1998) (Scalia, J., dissenting) ("The purpose of AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this Court's habeas corpus jurisprudence."). AEDPA instituted a time bar as follows:

> (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
>                                       . . .
>
> (2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time

3

for seeking such review[.]"  *Id.* § 2244(d)(1)(A).  To determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final."  *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (alterations in original) (internal quotation marks and citation omitted).

## II.    Petitioner's Habeas Petition

### A.    Petitioner's habeas petition is untimely.

Respondent contends Petitioner's habeas petition is untimely under 28 U.S.C. § 2244(d).  Resp't's Br. 2.  Petitioner was sentenced on November 7, 2011.  Resp't's Ex. 2 at 1.  The Court of Appeals of Georgia affirmed Petitioner's conviction and sentence on February 22, 2017.  Resp't's Ex. 4.  Under Georgia law, Petitioner had twenty days from that date to seek certiorari in the Supreme Court of Georgia before his convictions became final.  *See* Ga. Sup. Ct. R. 38; *see also Stubbs v. Hall*, 308 Ga. 354, 363 (2020).  Petitioner did not file a certiorari petition, and his conviction became final on March 14, 2017.  *See* 28 U.S.C. § 2244(d)(1)(A) (explaining that in the context of determining the AEDPA limitations period, the judgment is final on the date of "the conclusion of direct review or the expiration of the time for seeking such review").  Petitioner had one year from March 14, 2017—until March 14, 2018—within which to file his federal application for habeas relief unless the limitations period was tolled.  *Id.* § 2244(d).  He did not file a federal habeas application or a state collateral attack within the one-year period.

Petitioner filed his state habeas petition on November 13, 2018—nearly one year and eight months after his conviction became final. Resp't's Ex. 5. "A state-court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). As a result, Petitioner's state habeas petition does not affect the timeliness of his federal habeas application. Petitioner then filed his federal habeas application on December 12, 2023, over five years after the limitations period expired.[1]  Pet. Attach. 1 at 1, ECF No. 1-1. Therefore, this Court lacks jurisdiction because Petitioner's habeas application is untimely. Respondent's motion to dismiss should be granted unless Petitioner can show that the limitations period should be tolled.

B.    Petitioner is not entitled to equitable tolling.

In response to the motion to dismiss, Petitioner contends that he acted with reasonable diligence in light of his medical conditions—specifically a seizure and brain hemorrhage. Pet'r's Resp. 4-6. The Court construes these as arguments for equitable tolling but finds them unavailing.

The one-year AEDPA limitations period "is subject to equitable tolling in appropriate cases." *Holland*, 560 U.S. at 645. To qualify for equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.*

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted).

5

at 649. The standard for diligence under the first prong is "reasonable diligence, not maximum feasible diligence[.]" *Id.* at 653 (edited for readability). In proving an extraordinary circumstance under the second prong, a petitioner must show a "causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The extraordinary circumstances must be "unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). Tolling is "an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Thomas v. Att'y Gen., Fla.*, 795 F.3d 1286, 1291 (11th Cir. 2015) (citation omitted). For the following reasons, the Court finds that Petitioner has not shown that he is entitled to equitable tolling.

Petitioner argues that he was unable to diligently pursue his case because he had a "serious medical issue which was a stroke[,]" and he refers to his "medical records and medical conditions which [are] attached along with [this] brief in support of this motion[.]" Pet'r's Resp. to Mot. to Dismiss 4, ECF No. 16. However, Petitioner did not attach any medical records for the Court to review. On August 16, 2024, the Court ordered Petitioner to file any desired medical records in support of his equitable tolling argument. Text-only Order, ECF No. 19. Petitioner timely filed his medical records. Pet'r's Resp. to Court Order, ECF No. 20. In relevant part, those medical records show that Petitioner was admitted to a hospital on October 2, 2022, for a subdural hematoma, which resulted in an operation to evacuate the hematoma. *Id.* at 15-16. Petitioner was discharged on October 10, 2022. *Id.* at 11-12.

The Court finds these records fail to support Petitioner's claim for equitable tolling.  Petitioner's stroke occurred in October 2022, but Petitioner's AEDPA limitations period expired on March 14, 2018.  In other words, when Petitioner suffered a stroke in October 2022, there was no time left in the limitations period to toll.  As a result, Petitioner has not shown that the limitations period should be tolled, and Respondent's motion to dismiss should be granted.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard, and therefore, a certificate of appealability in this case should be denied.

**CONCLUSION**

For the reasons stated above, it is recommended that Respondent's motion to dismiss (ECF No. 14) be **GRANTED** and Petitioner's habeas application be **DISMISSED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objection to this Recommendation, or seek an extension of time to file objections, within FOURTEEN (14) DAYS after being served with a copy hereof.  Any objection should be no longer than TWENTY (20) PAGES in length.  *See* M.D. Ga. L.R. 7.4.  The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made.   All other portions of the Recommendation must be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 23rd day of September, 2024.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE