IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| OTIS WADE PUGH, SR., | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 4:23-CV-00201-CDL-AGH |
| VS. | : | |
| | : | |
| Warden CHARLES MIMS, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER

Before the Court is *pro se* Petitioner's Motion for Relief from Judgment. ECF No. 29. For reasons discussed below, the Court denies his motion.

## PROCEDURAL HISTORY

On November 2, 2011, Petitioner was convicted following a jury trial in the Muscogee County Superior Court of rape, aggravated sexual battery, and two counts of child molestation. ECF No. 13-2. Petitioner was sentenced to life in prison. *Id.* Petitioner thereafter filed a direct appeal to the Georgia Court of Appeals, wherein his convictions and sentence were affirmed on February 22, 2017. *See* ECF No. 13-4. On November 13, 2018, Petitioner filed a state habeas petition in the Superior Court of Wilcox County, Georgia, which, after a hearing, was ultimately denied on October 18, 2021. ECF No. 13-5; ECF No. 13-6. Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court on September 20, 2022 with the remittitur issued on October 17, 2022. ECF No. 13-7; ECF No. 13-8. On December

12, 2023, Petitioner filed this federal habeas petition pursuant to 28 U.S.C. § 2254. ECF No. 1. Following litigation by both the Petitioner and the Respondent, Petitioner's habeas petition was dismissed as untimely on November 5, 2024 and judgment was entered in this case. ECF No. 22; ECF No. 23. On December 9, 2024, Petitioner filed a notice of appeal with the United States Court of Appeals for the Eleventh Circuit. ECF. No. 24. Thereafter, on January 8, 2025, Petitioner's appeal was dismissed by the Eleventh Circuit Court of Appeals for want of prosecution due to Petitioner's failure to address the filing fee, his failure to order a transcript, and his failure "to comply with the rules on Certificates of Interested Persons and Corporate Disclosure Statements". ECF No. 27. Petitioner then filed an application in the Eleventh Circuit Court of Appeals seeking an order authorizing the district court to consider a second or successive petition for writ of habeas corpus pursuant to 28 U.S.C § 2244(b). *See* ECF No. 28. Petitioner's application to file a second or successive habeas petition was denied on June 5, 2025. *Id*. On October 27, 2025, Petitioner filed the instant "Motion for Relief from Judgment pursuant to Federal Rules of Civil Procedure 60(b)". ECF No. 29.

## DISCUSSION

Fed. R. Civ. P. 60(b) states that:

the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

2

**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

**(4)** the judgment is void;

**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

**(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b)-(c)(1) provides that a motion for relief from judgment based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . [or] (3) fraud" must be brought "[n]o more than a year after the entry of judgment". Judgment was entered in this case on November 5, 2024 (ECF No, 23) so Petitioner's motion for relief under any of these grounds would not be time-barred.

Petitioner brings his motion under Fed. R. Civ. P. 60(b)(1) claiming "mistake/ legal error." ECF No. 29 at 3. To this end, Petitioner vaguely complains that the Court's judgment "was based on a mistake of law and facts" and that "the Court relied on a procedural default that was excused by cause and prejudice." *Id*. He further states that he "challenges the fairness and legality of the habeas proceedings." ECF No. 29-1 at 2. However, Petitioner fails to attach or incorporate any factual allegations that might support his vague claims of "mistake of law and facts", "procedural default", and "[un]fairness and [il]legality of the habeas proceedings. *See* ECF No. 29. Accordingly, Petitioner has failed to show that relief from judgment should be granted under Fed. R. Civ. P. 60(b)(1).

.

Petitioner also relies on the catchall provision of Fed. R. Civ. P. 60(b)(6) as a basis for relief from judgment. *See* ECF No. 29-1. To this end, Petitioner claims that "failure to grant relief could fundamentally undermine confidence in the outcome of the habeas process" and that "denial of relief would result in a fundamental miscarriage of justice." *Id*. at 2. Relief under Fed. R. Civ. P. 60(b)(6) "is intended 'only for extraordinary circumstances.'" *Olmstead v. Humana, Inc.*, 154 F. App'x 800, 805 (11th Cir. 2005) (per curiam) (citing *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000)). Hence, a plaintiff is required to "demonstrate a justification for relief so compelling that the district court was *required* to grant [the] motion." *Id.* (internal quotation marks omitted) (emphasis and alteration in original). Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (punctuation omitted); *see also Aldana v. Del Monte Fresh Produce N.A., Inc*., 741 F.3d 1349, 1355 (11th Cir. 2014)). Here, Petitioner again fails to attach or incorporate any factual allegations that might support his contention that a failure to grant his motion is somehow a miscarriage of justice and compromises the habeas process. *See* ECF Nos. 29 and 29-1. Accordingly, Petitioner has not shown that relief from judgment should be granted under Fed. R. Civ. P. 60(b)(1).

More significantly, district courts have the authority to look behind the label of a Petitioner's motion and recharacterize it to the relevant statutory framework. *Lathers v. Warden*, No. 22-10043, 2022 WL 16835534, at *2 (11th Cir. Nov. 9, 2022) (citing *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991) and *United States v.*

*Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990)).  Here, Petitioner claims that he is using Fed. R. Civ. P. 60(b) to attack some defect in the integrity of his federal habeas proceedings and that he is not attempting to "raise a new ground for relief from his convictions." *See* ECF No. 29 at 3; ECF No. 29-1 at 1-2.  However, he also claims that "the procedural defects call into question the fairness of the habeas proceeding and the legitimacy of conviction."  ECF No. 29-1 at 3.  So, despite Petitioner's assertions that his motion is brought solely under Rule 60b and is not a successive habeas petition, he is subversively attempting to attack the validity of his conviction as would be done within the statutory framework of a § 2254 habeas petition..  Although Fed. R. Civ. P. 60(b) allows a petitioner in a habeas case to attack "some defect in the integrity of the federal habeas proceedings", Fed. R. Civ. P. 60(b) cannot be used to evade the second or successive petition bar contained in 28 U.S.C. § 2255(h) and 28 U.S.C. § 2244(b). *Gonzales v. Crosby*, 545 U.S. 524, 532 (2008); *Gilbert v. United States*. 640 F.3d 1293, 1323 (11th Cir. 2011) (citing *Gonzalez*, 545 U.S. at 532).  "Using Rule 60(b) to present new claims for relief from a state court's judgment of conviction – even claims couched in the language of a true Rule 60(b) motion – circumvents [the Antiterrorism and Effective Death Penalty Act's ("AEDPA")] requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 531 (citing 28 U.S.C. § 2244(b)(2)).  *Gonzalez*, 545 U.S. at 530.  Thus, the United States Supreme Court has firmly constrained the availability of Rule 60(b) to a petitioner who seeks to reopen a final judgment issued in previous federal habeas proceedings due

to the statutory prohibition against successive habeas petitions found in § 2244(b). *See id.* at 530-532.

Because Petitioner's motion is basically another federal habeas challenge to his conviction, this Court's consideration of Petitioner's motion is disallowed absent prior authorization by the Eleventh Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933–34 (11th Cir. 2001) (per curiam); *Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000); *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) (noting that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the requirements for authorization under § 2244"). There is nothing in the record to indicate that the Eleventh Circuit Court of Appeals has granted Petitioner any authorization to pursue another federal habeas action, and in fact, the record reflects that an application to file a successive petition has been denied. *See* ECF No. 28. Because Petitioner's "Rule 60(b) motion" is in fact a successive §2254 habeas petition and because Petitioner has not obtained prior approval from the Eleventh Circuit to file a successive habeas petition, this Court lacks the jurisdiction to once again consider Petitioner's claims for why his conviction was in error. *See* 28 U.S.C. § 2244(b)(3)(A); *Gilreath*, 273 F.3d at 933–34; *Gonzalez*, 545 U.S. at 532 (citing 28 U.S.C. § 2244(b)(3))

6

(holding that to allow additional claims attacking the validity of a conviction to proceed under "Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar."); *Bolin v. Sec'y, Fla. Dep't of Corrs.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction).

## CONCLUSION

For all these reasons stated herein, Petitioner's motion to set aside judgment and reopen his 28 U.S.C. § 2254 action (ECF No. 29) is **DENIED**.

## CERTIFICATE OF APPEALABILITY

"[A Certificate of Appealability] is required before a habeas petitioner may appeal the denial of a Rule 60(b) motion." *Hamilton v. Sec'y, Fla. Dep't of Corr.*, 793 F.3d 1261, 1265 (11th Cir. 2015). The Court can issue a Certificate of Appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a Certificate of Appealability, the Court must determine "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted). If a procedural ruling is involved, the petitioner must "demonstrate that a procedural ruling barring relief is itself debatable among jurists of

reason; otherwise, the appeal would not 'deserve encouragement to proceed further.'"

*Buck*, 137 S. Ct. at 777 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under this standard, the Court cannot find that "a reasonable jurist could conclude that the District Court abused its discretion in declining to reopen judgment."  *Id*.  The Court, therefore, declines to issue a Certificate of Appealability.

**SO ORDERED**, this 29th day of October, 2025.


S/Clay D. Land
_____
CLAY D. LAND, JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA